UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FAIR, | 1: 05 CV 01464 OWW WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| THOMAS L. CAREY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Respondent opposes the petition.

**PROCEDURAL HISTORY**

Petitioner was convicted following a jury trial of being a felon in possession of a firearm. The trial court sentenced him to serve a term of six years in state prison.

Petitioner filed a timely direct appeal to the California Court of Appeal, Fifth Appellate District ("Court of Appeal"). The Court of Appeal affirmed the judgment on March 30 ,2005, and denied a petition for rehearing on April 26, 2005.

Petitioner filed a petition for review in the California Supreme Court on May 9, 2005. The court denied the petition on June 15, 2005.

Petitioner did not file any post-conviction collateral actions in state court.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

When, as here, the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

COMPETENCY

Petitioner contends that he was denied his Fourteenth Amendment right to due process when he presented substantial evidence that he was incompetent to stand trial, but yet was denied a hearing on his competency by the trial court. Respondent disputes this contention.

In ruling on this contention, the Court of Appeal explained the factual background as follows:

> On September 19, 2002, between the time the jury rendered its verdict on the substantive count and the time of his sentencing, appellant's counsel filed a notice of motion and declaration of doubt as to appellant's competence under section 1368. On September 24, 2002, the trial court held an in camera hearing on the motion with only defense counsel and appellant present. At the hearing, defense counsel presented a September 21, 2002, confidential psychological evaluation prepared by Eugene T. Couture, Ph.D. of the Behavioral Healthcare Center of Bakersfield. Dr. Couture concluded appellant was not, at that time, competent to stand trial because he was not capable of cooperating with his attorney in building a rational defense.

Section 1368(a) states:

> If, during the pendency of an action and prior to judgment, a doubt arises in the mind of the judge as to the mental competence of the defendant, he or she shall sate that doubt in the record and inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent . . .   At the request of the defendant or his or her counsel or upon its own motion, the court shall recess the proceedings for as long as may be reasonably necessary to permit counsel to confer with the defendant and to form an opinion as to the mental competence of the defendant at that point in time.

Under Section 1367(a), a person cannot be tried or adjudged to punishment while mentally incompetent.

Generally, a person whose "mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." Drope v. Missouri, 420 U.S. 162, 172 (1975). The test for competency to stand trial is whether the defendants "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). An evidentiary hearing is constitutionally compelled at any time that there is substantial evidence that the defendants may be mentally incompetent to stand trial. DeKaplany v. Enmoto, 540 F.2d 975, 980-81 (9th Cir. 1976). "Evidence is substantial if it raises a

1  reasonable doubt about the defendant's competency to stand trial." Id. at 981.  However, the function
2  of the trial court is not to determine if the defendant is competent to stand trial, but to decide whether
3  "there is any evidence which, assuming its truth, raises a reasonable doubt about the defendant's
4  competency" and to order an evidentiary hearing on the competency issue if such evidence appears.
5  Id. at 981.  See Amaya-Ruiz v. Stewart, 121 F3d 486 (9th Cir 1997).
6          The issue before the Court of Appeal in Petitioner's appeal was not whether Petitioner was in
7  fact incompetent, but rather  whether his due process rights were violated because the state trial court
8  had information before it which should have caused the court to have a bona fide doubt as to his
9  competency and, thus, to order an additional competency evaluation. The Court of Appeal found as
10 follows:

> Dr. Couture's report and opinion fell short of the substantial evidence standard in the instant case.  Dr. Couture completed a screening evaluation on appellant but did not have access to the medical records relating to appellant's claimed head injury and seizure disorder.  The report was based on the erroneous premise that appellant pled guilty to the charged offenses, thus undermining many of the factual basis for the report.  Moreover, the report indicated appellant understood the nature of the proceedings against him, the underlying charges, and the possible sentence he faced.  Dr. Couture indicated that appellant was able to speak with his attorney and knew he could use him to challenge witnesses.  Dr. Couture further noted that appellant's rating on the Georgia Court Competency Exam fell within the borderline to competent range.
>
> During the hearing on appellant's motion, the trial court found Dr. Couture's findings and conclusions to be unpersuasive.  The court had observed appellant during the trial and did not see or hear anything to raise a question as to appellant's competency.  The court reasonably concluded that communication problems between attorney Wakeman and appellant were not the product of a mental impairment affecting appellant's ability to cooperate with counsel.  Rather, the court determined appellant was refusing to cooperate with defense counsel because he was upset with him over the guilty verdict.  An unwillingness to cooperate with defense counsel does not constitute proof of mental incompetence.  The test in a section 1368 proceeding is a competency to cooperate and not cooperation itself.  (*People v. Hightower* (1996) 41 Cal.App.4th 1108, 1111-1112.)
>
> Finally, at the conclusion of the September 24, 2002 in camera hearing, appellant acknowledged, "I guess Mr. Wakeman doing what he supposed to be doing."  Appellant also repeatedly said, "I don't know," and observed, "Lots of things – I don't know nothing about the law."  At that point, the court encouraged appellant to sit down and talk to his counsel, observing, "He will tell you about it.  He will help you to understand."  From the entirety of the exchange, the court could reasonably determine that appellant did not know about the law of his case because he had not communicated with counsel and the lack of communication was attributable to appellant's anger over the verdict rather than some form of incompetency.  More is required to raise a doubt of competency than mere bizarre actions, bizarre statements, or psychiatric testimony that a defendant is immature, dangerous, psychopathic, or homicidal, or such diagnosis with little reference to defendant's ability to assist in his own defense.  (*People v. Danielson, supra*, 3 Cal.4th at p. 727.)  Here, the trial court observed appellant's demeanor and conduct throughout the trial and the September 24 in camera hearing and had ample opportunity to assess appellant's ability to understand the nature of the criminal proceedings and assist counsel at sentencing.  In view of the rule of great deference to the

1     trial court in such situations, the denial of appellant's section 1368 motion must be upheld.

2     After reviewing Petitioner's contention, the court finds that Petitioner has failed to show that the Court of Appeal decision on this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In sum, the Court of Appeal reasonably found that the trial court was correct in concluding that there was not substantial evidence that Petitioner might be mentally incompetent to be sentenced. This court must conclude, therefore, that this contention presents no basis for habeas corpus relief.

FAILURE TO FOLLOW ESTABLISHED STATE LAW PRECEDENT

Petitioner contends that the California courts violated his right to due process of law by failing to following state law precedent in regard to his motion for an evidentiary hearing on the issue of competency. Respondent disputes this contention

As set forth above, this court has found that Petitioner has failed to show that the Court of Appeal decision on this issue, subsequently adopted by the California Supreme Court, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Further, a federal court has no basis for disputing a state's interpretation of its own law. Clemons v. Mississippi, 494 U.S. 738, 739-40 (1990)   Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas court must respect a state court's application of its own law and must not engage in *de novo* review). A determination of state law by a state appellate court is binding in a federal habeas action, Hicks v. Feiock, 485 U.S. 624, 629 (1988), unless the interpretation is an "obvious subterfuge to evade consideration of a federal issue." Mullaney v. Wilbur, 421 U.S. 684, 691 n. 11 (1975). This court must conclude, therefore, that this claim presents no basis for habeas corpus relief.

IMPOSITION OF UPPER TERM

Petitioner contends, under Blakely v. Washington, 52 U.S. 296 (2004), that the trial court

1  erred in imposing an upper term based on facts that were neither found by the jury nor admitted by
2  Petitioner. Respondent disputes this contention, arguing that the relief Petitioner seeks is foreclosed
3  by Teague v. Lane, 489 U.S. 288, 310 (1989) .

4       In Teague v. Lane, the Supreme Court held that a new rule of constitutional law cannot be
5  applied retroactively on federal collateral review to upset a state conviction or sentence unless the
6  new rule forbids criminal punishment of primary, individual conduct or is a "watershed" rule of
7  criminal procedure. Caspari v. Bohlen, 510 U.S. 383, 396, 114 S.Ct. 948 (1994). If the state argues
8  that a petitioner seeks the benefit of a new rule, federal courts must decide whether Teague is
9  implicated before reaching the merits of a petition. Id. at 389, 114 S.Ct. 948.

10       The relevant cases in this area were succinctly described by the Court in Cunningham v.
11  California,127 S.Ct. 856 (2007) as follows:

> In Apprendi v. New Jersey, this Court held that, under the Sixth Amendment, any fact (other than a prior conviction) that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence. See 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. The Court has applied the rule of Apprendi to facts subjecting a defendant to the death penalty, Ring v. Arizona, 536 U.S. 584, 602, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556, facts permitting a sentence in excess of the "standard range" under Washington's Sentencing Reform Act (Reform Act), Blakely v. Washington, 542 U.S. 296, 304-305, 124 S.Ct. 2531, 159 L.Ed.2d 403, and facts triggering a sentence range elevation under the then-mandatory Federal Sentencing Guidelines, United States v. Booker, 543 U.S. 220, 243-244, 125 S.Ct. 738, 160 L.Ed.2d 621. Blakely and Booker bear most closely on the question presented here.

19  Cunningham, 127 S.Ct. at 857. Cunningham was a challenge to People v. Black, 35 Cal.4th 1238, 29
20  Cal.Rptr.3d 740 (2005), in which the California Supreme Court found that California's upper term
21  determinate sentencing law procedure was constitutional under Apprendi, Blakely, and Booker.

22       In the case, the Court of Appeal considered Petitioner's claim in May of 2005, following the
23  Supreme Court's decision in Blakely and prior to the California Supreme Court's decision in People
24  v. Black. The Court of Appeal held that neither Apprendi nor Blakely supported reversal of
25  Petitioner's sentence, because the court had imposed the aggravated sentence within the statutory
26  range for the specific crimes for which the jury convicted him. The California Supreme Court's
27  denial of Petitioner's petition for review was "without prejudice to any relief to which defendant
28  might be entitled upon finality of People v. Black, 35 Cal.4th at 1238 regarding the effect of Blakely

1  v. Washington, 542 U.S. ___,at 124, and United States v. Booker, 543 U.S. ___,at 125, on California
2  law."

3       In Cunningham, the Court held that  held that California's determinate sentencing law, which
4  authorized the judge, not the jury, to find facts exposing a defendant to an elevated upper term
5  sentence violated the defendant's Sixth and Fourteenth Amendment  rights to trial by jury.  The
6  Court explained, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that
7  allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior
8  conviction, not found by a jury or admitted by the defendant." Id. at 859.  In support, the Court cited
9  Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); Ring v. Arizona, 536 U.S. 584, 122
10 S.Ct. 2428 (2002); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531(2004); and United States v.
11 Booker, 543 U.S.  220, 125 S.Ct. 738.  In reaching this conclusion, the Court rejected the decision
12 in People v. Black.

13      The Ninth Circuit has explained the analysis under Teague as involving an initial
14 determination whether the rule is substantive or procedural.  It the rule is procedural, then a
15 three-step analysis follows to determine whether Teague bars its application.   Hayes v. Brown, 399
16 F.3d 972, 982 (9th Cir. 2005).  For Teague purposes, a new rule is one of "procedure" if it affects the
17 operation of the criminal trial process, and a new rule is one of "substance" if it alters the scope or
18 modifies the applicability of a substantive criminal statute." Bousley  v. United States, 523 U.S. 614,
19 620, 118 S.Ct. 1604 (1998).  The overruling of state sentencing laws is clearly a procedural rule; it
20 affects the operation of the criminal trial process, but does not affect the scope of a substantive
21 criminal statute.   Accordingly, the court now turns to the three-step analysis.  First, the reviewing
22 court "must ascertain the date on which the defendant's conviction and sentence became final for
23 Teague purposes."   Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948 (1994).  A conviction is
24 final under Teague "when the availability of direct appeal to the state courts has been exhausted and
25 the time for filing a petition for writ of habeas corpus has elapsed or a timely filed petition has been
26 finally denied. Id.  In this case, the California Supreme Court denied Petitioner's petition for review
27 on August 10, 2005.  His conviction became final ninety days later when the time for filing a petition
28 for writ of certiorari expired, on November 8, 2005.  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir.

1999).

Second, the court must survey "the legal landscape as it then existed," to determine whether existing precedent compelled a finding that the rule at issue "was required by the Constitution." Id. (internal quotation marks and citations omitted). If existing precedent already required application of the rules, the rule is not new and the Teague bar does not apply.  As Respondent argues, the Ninth Circuit's treatment of Apprendi, Blakely, and Booker, the earlier seminal cases in this area, shows that Cunningham was not compelled by existing precedent.  Although Apprendi, Blakely, and Booker have some similarity in finding a violation of the defendant's right to jury trial in imposing a sentence above the crime's initial range based on facts not found by the jury, each of these cases was found to create a new rule under Teague, and not to apply retroactively.  See United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir.), cert. denied, 537 U.S. 939 (2002); Cook v. United States, 386 F.3d 949 (9th Cir. 2004); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005), cert. denied, 126 S.Ct. 1181 (2006).  The court must agree with Respondent that just as the decisions in Apprendi, Blakely, and Booker, arising in different contexts, created new rules, the decision in Cunningham created a new rule: imposition of an upper term within the initial prescribed sentencing range, based on a fact not found by a jury, violates the right to jury trial, even where the trial court has broad discretion that is reviewed for reasonableness.  Indeed, the Court's grant of review in Cunningham suggests that its holding was not dictated by precedent.  This court concludes, therefore, that Cunningham announced a new rule for Teague purposes.

Having concluded that the procedure at issue is considered a new rule for Teague purposes, this court must proceed to the third step and determine whether either of the two announced exceptions applies. Teague, 489 U.S. at 307. The presumption against retroactivity is overcome only if the new rule prohibits "a certain category of punishment for a class of defendants because of their status or offense," Penry v. Lynaugh, 492 U.S. 302, 330, 109 S.Ct. 2934(1989), abrogated on other grounds by Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242 (2002), or presents a new "watershed rule[ ] of criminal procedure" that enhances accuracy and alters our understanding of bedrock procedural elements essential to the fairness of a particular conviction. Teague, 489 U.S. at 311, 109 S.Ct. 1060 (citations omitted).   The first exception does not apply because Cunningham does not

prohibit an category of punishment. Because the Ninth Circuit has found that neither <u>Apprendi</u>, <u>Blakely</u> nor <u>Booker</u>, presented new watershed rules of criminal procedure, the court finds that the same is true as to <u>Cunningham</u>. The court further concludes, therefore, that this contention provides no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that this petition for writ of habeas corpus be DENIED;

2) that the clerk of the court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 29, 2008**               /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE